TREG R. TAYLOR
ATTORNEY GENERAL

Christopher F. Orman (Alaska Bar No. 1011099)
State of Alaska
Department of Law
PO Box 110300
Juneau, AK 99811-0300
Telephone: (907) 465-3600
Facsimile: (907) 465-2417
Email: christopher.orman@alaska.gov
Attorney for the State of Alaska

Eugene F. Hickey (Alaska Bar No. 1805042)
State of Alaska
Department of Law
PO Box 110300
Juneau, AK 99811-0300
Telephone: (907) 465-3600
Facsimile: (907) 465-2417
Email: gene.hickey@alaska.gov
Attorney for the Alaska Mental Health Trust Authority

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HISTORIC WOLF CREEK BOATWORKS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants. | **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** <br><br><br><br><br><br><br><br> Case No.: 5:20-cv-00014-HRH |

The State of Alaska and the Alaska Mental Health Trust Authority (AMHTA)

move to dismiss the Plaintiffs' claims. Since the Trust Land Office (TLO), in the Alaska

Department of Natural Resources, manages AMHTA's land holdings, it is implicitly

named as party herein.[1] (The State, TLO and AMHTA are collectively referred to herein as "State Defendants"). This memorandum of law presents the following two issues to this Court:

1. The Eleventh Amendment prevents a citizen from suing the state, state agencies and state instrumentalities in federal court unless sovereign immunity has been waived by the state or abrogated by Congress. The State Defendants have not waived their sovereign immunity to be sued in federal court, nor has Congress abrogated their immunity from suit in federal court. Does the Eleventh Amendment bar the Plaintiffs' suit against the State Defendants?

2. The Administrative Procedures Act (APA) grants a federal court authority to compel a federal agency to act. The Plaintiffs' complaint only cites to APA statutes and in particular relies on 5 U.S.C. § 706(1) in requesting this Court to "compel [federal] agency action." Given the APA only applies to federal agencies, can this Court grant the relief the Plaintiffs requests and compel the State of Alaska and AMHTA to act?

## STATEMENT OF THE FACTS

The Plaintiffs have included the State Defendants in a federal Administrative Procedures Act (APA) case. For that reason alone, the complaint is fatally flawed. However, a review of State of Alaska statutes, regulations, case law and the history of the AMHTA-United States Forest Service (USFS) land exchange, and the complaint itself provides context for the other legal problems with the Plaintiffs' claims against the State and AMHTA.

---

[1] The Trust Land Office is not named in the complaint. *See* ECF Docket 56.

*Historic Wolf Creek Boatworks v. U.S.A.*        Case No.:  5:20-cv-00014-HRH
MEMORANDUM OF LAW IN SUPPORT OF MTN.
TO DISMISS                                                              Page 2 of 22
Case 5:20-cv-00014-HRH   Document 67-1   Filed 02/22/22   Page 2 of 22

## I. The AMHTA is an instrumentality of the State of Alaska.

AMHTA is a public corporation of the State of Alaska and it is part of the Alaska Department of Revenue.[2] Its stated purpose "is to ensure an integrated comprehensive mental health program and to administer the office of the long term care ombudsman".[3] It is governed by a board of trustees, who are appointed by the governor and confirmed by the legislature.[4] It is funded through the state's general fund as well as funds from the mental health trust settlement account.[5] It has the power to adopt regulations pursuant to the state's Administrative Procedure Act, AS 44.62 to carry out its mission of providing mental health services to state residents.[6] The Board of Trustees is required to coordinate with other state agencies involved with programs affecting persons in need of mental health services.[7]

---

[2]     AS 47.30.011.

[3]     Id.

[4]     AS 47.30.016.

[5]     AS 47.30.046.

[6]     AS 47.30.31

[7]     AS 47.30.036.

*Historic Wolf Creek Boatworks v. U.S.A.*          Case No.:  5:20-cv-00014-HRH
MEMORANDUM OF LAW IN SUPPORT OF MTN.
TO DISMISS                                                                    Page 3 of 22
Case 5:20-cv-00014-HRH   Document 67-1   Filed 02/22/22   Page 3 of 22

**II.** **In 1994, the State of Alaska legislature mandated an agency within the Department of Natural Resources—ultimately the Trust Land Office—to manage Alaska Mental Health Trust Authority lands.**

AS 38.05.801, a statute within the Alaska Land Act,[8] mandates the Department of Natural Resources (DNR) to manage mental health trust land. AS 44.37.050 requires "the Department of Natural Resources [to] establish a separate unit with responsibility for management of the mental health trust land." DNR complied with this mandate and created the TLO.[9] AS 37.14.009(a)(2) reaffirms AS 38.05.801 and AS 44.37.030, stating that the TLO manages AMHTA lands.

Lastly, these statutes mandated the commissioner of the Department of Natural Resources to adopt regulations to outline how the TLO manages AMHTA lands.[10] Consistent with AS 38.05.801(c), the commissioner adopted such land management regulations.[11]

Pursuant to these regulations, an individual who wants to use, lease, or purchase AMHTA lands submits an application to the TLO requesting to purchase, lease, or

---

[8]     The Alaska Land Act generally outlines how state lands and state land resources should be managed and disposed. *See* AS 38.05 generally.

[9]     *See* 11 AAC 99.010.

[10]    AS 38.05.801(c).

[11]    11 AAC 99.010 - .990.

*Historic Wolf Creek Boatworks v. U.S.A.*                    Case No.:  5:20-cv-00014-HRH
MEMORANDUM OF LAW IN SUPPORT OF MTN.
TO DISMISS                                                                      Page 4 of 22
Case 5:20-cv-00014-HRH   Document 67-1   Filed 02/22/22   Page 4 of 22

generally use AMHTA lands.[12] The TLO adjudicates that application.[13] An applicant

may seek administrative reconsideration of the TLO's denial of its application.[14] After

exhausting administrative remedies, the applicant may appeal the final agency decision to

the State Superior Court pursuant to the State of Alaska's Administrative Procedures

Act.[15]

The 1994 legislation, therefore, did not grant AMHTA land management

authority.[16] Instead, the TLO has been legislatively mandated to manage AMHTA lands.

## III.    When the AMHTA-USFS land exchange was completed, the TLO became responsible for managing the uplands at issue here.

The uplands at issue here were part of a land exchange between the USFS and

AMHTA.[17]

However, before any land exchange between AMHTA and USFS, Congress and

the Alaska legislature needed to pass respective legislation authorizing the negotiations of

such a land exchange.

---

[12]    11 AAC 99.030(a); see also Trust Land Office, "Land Use Application," available at: https://alaskamentalhealthtrust.org/trust-land-office/land-sales/land-use-application/ (accessed on February 11, 2022).

[13]    11 AAC 99.010 - .030.

[14]    11 AAC 99.030; 11 AAC 99.060(b).

[15]    11 AAC 99.030(a) (citing AS 44.62.560).

[16]    AS 47.30.011.

[17]    As recognized in AS 38.04.062, the tidelands adjacent to these uplands are clearly owned by the State of Alaska under the Equal Footing Doctrine. Those tidelands are not at issue here.

*Historic Wolf Creek Boatworks v. U.S.A.*                  Case No.:  5:20-cv-00014-HRH
MEMORANDUM OF LAW IN SUPPORT OF MTN.
TO DISMISS                                                                   Page 5 of 22

On January 12, 2017, Senator Murkowski introduced S. 131 (the Alaska Mental Health Trust Land Exchange Act of 2017.[18] S. 131 was later included in the Consolidated Appropriations Act, Public Law 115-31 as Div. G. Section 431(a)(2)).[19] On May 5, 2017, President Trump signed Public Law 115-31 into law.[20]

Several state senators drafted a bill mirroring S. 131, known as SB 88. On March 10, 2017, those senators introduced SB 88.[21] On October 6, 2017, Governor Walker signed SB 88 into law.[22]

The passage of the federal and state legislation did not exchange any lands between USFS and AMHTA. But, on October 6, 2017, USFS and AMHTA had the necessary congressional and state legislative approval to negotiate a land exchange.

On August 27, 2021, USFS and AMHTA signed and recorded three patents conveying USFS lands to AMHTA.[23] One of those three patents,

---

[18]    S.131 – Alaska Mental Health Trust Land Exchange Act of 2017, Congress.gov, 115th Congress, 2017-2018; available at:  https://www.congress.gov/bill/115th-congress/senate-bill/131/actions (accessed on February 2, 2022).

[19]    Public Law 115-31, Congress.gov, 115th Congress, 2017-2018; available at: https://www.govinfo.gov/app/details/PLAW-115publ31 (accessed on February 2, 2022).

[20]    *Id*.

[21]    SLA 2017, Chapter 22.

[22]    SB 88, Bill Detail, The Alaska State Legislature, 30th Legislature 2017-2018,; available at: https://www.akleg.gov/basis/Bill/Detail/30?Root=sb%2088 (accessed on February 2, 2022).

[23]    Patent No. 50-2021-0083, Document No. 2021-003461-0, Ketchikan Recording District (August 30, 2021); available at: http://dnr.alaska.gov/ssd/recoff/search/docdisplay?District=102&SelectedDoc=20210034 610 (accessed on February 2, 2022); Patent No. 50-2021-0082, Document No. 2021-003458-0, Ketchikan Recording District (August 30, 2021); available at:

*Historic Wolf Creek Boatworks v. U.S.A.*                    Case No.:  5:20-cv-00014-HRH
MEMORANDUM OF LAW IN SUPPORT OF MTN.
TO DISMISS                                                              Page 6 of 22
Case 5:20-cv-00014-HRH   Document 67-1   Filed 02/22/22   Page 6 of 22

Patent No. 50-2021-0081, included the uplands at issue in this litigation.[24] At this time, the TLO became responsible for managing these uplands.

On January 14, 2022, the parties formally finalized the land exchange.[25]

## IV. The Plaintiff's amended APA complaint includes the State and AMHTA as defendants but is noticeably devoid of factual allegations against either.

On February 1, 2022, the Plaintiffs served AMHTA with their complaint. On February 2, 2022, the Plaintiffs served the State with their complaint.

Plaintiffs' fifty-nine paragraph complaint contains only five paragraphs relevant to AMHTA or the State.[26]

Four of those paragraphs contain three factual allegations and one conclusory allegation, and are provided in full below:

---

(continued) http://dnr.alaska.gov/ssd/recoff/search/docdisplay?District=102&SelectedDo c=20210034580 (accessed on February 2, 2022); Patent 50-2021-0081, Document No. 2021-003457-0, Ketchikan Recording District (August 30, 2021); available at: http://dnr.alaska.gov/ssd/recoff/search/docdisplay?District=102&SelectedDoc=20210034 570 (accessed on February 2, 2022).

[24]   Section 24 of Patent 50-2021-0081. *See* Document No. 2021-003458-0, Ketchikan Recording District (August 30, 2021).

[25]   Governor Dunleavy Announces Completed Land Exchange in Southeast Alaska, State of Alaska (January 14, 2022); available at: https://gov.alaska.gov/newsroom/2022/01/17/governor-dunleavy-announces-completed-land-exchange-in-southeast-alaska/ (accessed on February 2, 2022).

[26]   ECF Docket 56.  In Paragraphs 42 and 44, the plaintiff mentions the Mental Health Trust Authority and State. But, in those paragraphs the plaintiff's allegations are directed towards the alleged harm caused by USFS, not AMHTA or the State.  Given their lack of relevance, the State and AMHTA have not mentioned them here.

*Historic Wolf Creek Boatworks v. U.S.A.*                    Case No.:  5:20-cv-00014-HRH
MEMORANDUM OF LAW IN SUPPORT OF MTN.
TO DISMISS                                                              Page 7 of 22

1. "The Alaska Mental Health Trust Authority (Mental Health Trust) is a Public Corporation within the Department of Revenue of the State of Alaska."[27]

2. "On August 26, 2021, Mental Health Trust received patent title to the disputed land at issue here."[28]

3. "Mental Health Trust had drawn or received a map excising Historic Wolf Creek from the land exchange act."[29]

4. "Despite drawing this map, to date, Mental Health has not recognized the Plaintiff's valid existing rights to the property."[30]

The State is not mentioned once in these paragraphs.

Nevertheless, assuming the Plaintiffs mistakenly stated "Mental Health Trust" when it intended to refer to the State or TLO, the paragraphs do not articulate any wrongdoing on behalf of the State or TLO.

The fifth paragraph specifically mentions the State and alleges a federal question exists because: ". . . the State of Alaska and the Mental Health Trust, under the Land Exchange Act are required to recognized [sic.] the Plaintiff's valid existing rights concerning the property."[31] The Plaintiffs provide no factual allegations leading up to this assertion that a federal question exists or in what way the State has not "recognized the

---

[27] ECF Docket 56, ¶ 45. Note, unlike most complaints, this complaint lacks a single paragraph about the State of Alaska being a party and why they should be a party.

[28] *Id*. at ¶ 46.

[29] *Id*. at ¶ 51.

[30] *Id*. at ¶ 52. This paragraph is inconsistent with ¶ 51, that states "had drawn or received a map."

[31] *Id*. at ¶ 55.

*Historic Wolf Creek Boatworks v. U.S.A.*          Case No.:  5:20-cv-00014-HRH
MEMORANDUM OF LAW IN SUPPORT OF MTN.
TO DISMISS                                                    Page 8 of 22

Case 5:20-cv-00014-HRH   Document 67-1   Filed 02/22/22   Page 8 of 22

Plaintiff's valid existing right" to these uplands. Further, the Plaintiffs have failed to explain why a federal APA case should be used to litigate what—if any—decisions the State or TLO have made here.

The complaint's "Conclusion" includes only the second mention of the State in the entire complaint, where the Plaintiffs requests this Court to compel "the State of Alaska to issue a conditional use permit."[32]

Outside of these paragraphs, the complaint presents approximately fifty-five paragraphs of factual and legal allegations against USFS under the Federal Administrative Procedures Act (APA).[33] In support of those APA claims, the Plaintiffs cite to APA statutes and USFS regulations only.[34] Based on a plain reading of the complaint, the Plaintiffs assert those statutes and regulations apply to the State and AMHTA.

---

[32] *Id*. at Conclusion.

[33] *Id*. at ¶¶ 36 (citing 5 U.S.C. § 702); 37 (citing 5 U.S.C. § 706); 38 (citing 5 U.S.C. § 706); 57 (citing 5 U.S.C. § 702); 58 (citing 5 U.S.C. § 706); and 59 (citing 5 U.S.C. § 706).

[34] *Id*. at ¶¶ 23 (citing 36 C.F.R. § 800); 24 (citing 36 C.F.R. § 251.54); 26 (citing 36 C.F.R. § 251.54); 27 (citing 36 C.F.R. § 251.54); 28 (citing 36 C.F.R. § 251.54); 30 (citing 36 C.F.R. §251.54); and 32 (citing 36 C.F.R. § 214.6).

*Historic Wolf Creek Boatworks v. U.S.A.*     Case No.:  5:20-cv-00014-HRH
MEMORANDUM OF LAW IN SUPPORT OF MTN.
TO DISMISS                                    Page 9 of 22

# ARGUMENT

**I.**     **Under the Eleventh Amendment, the State, the Trust Land Office as a state agency, as well as AMHTA, as an instrumentality of the State, are immune from suit.**

The Eleventh Amendment to the United States Constitution states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." [35]

The United States Supreme Court has interpreted the Eleventh Amendment to embody principles of sovereign immunity, thereby precluding federal court jurisdiction over lawsuits brought by a citizen[36] against his own state, state agency, or state instrumentality.[37] Therefore, the Eleventh Amendment completely immunizes states, state agencies, state instrumentalities, and state officials acting in their official capacities.[38] Because the Eleventh Amendment limitation deprives federal courts of any jurisdiction to entertain claims brought by a citizen against her own state or another state,

---

[35]     U.S. Constitution, Amendment XI.

[36]     "Citizen" as used here includes plaintiffs who are businesses or organized groups. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984); and *e.g. Culinary Studios Inc. v. Newsom*, 517 F.Supp.3d 1042, 1060 (E.D. CA 2021). Therefore, Eleventh Amendment applies to Mr. Romey, and the various Wolfcreek Boatworks names provided in the Amended Complaint.

[37]     *Regents of the Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997).

[38]     *Pennhurst*, 465 U.S. at 106; *Cent. Reserve Life of N. Am. Ins. Co. v. Struve*, 852 F.2d 1158, 1161 (9th Cir.1988); *Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir.2010).

*Historic Wolf Creek Boatworks v. U.S.A.*                    Case No.:  5:20-cv-00014-HRH
MEMORANDUM OF LAW IN SUPPORT OF MTN.
TO DISMISS                                                                          Page 10 of 22

Case 5:20-cv-00014-HRH   Document 67-1   Filed 02/22/22   Page 10 of 22

the jurisdictional bar may be raised at any point in the proceeding.[39] This jurisdictional

bar applies regardless of the nature of the relief sought.[40]

States, state agencies, and state officials may be held to answer in federal court by

a citizen of that state in two limited circumstances: (1) where the state unequivocally

waives its sovereign immunity; and (2) where Congress expressly abrogates state

sovereign immunity with respect to a particular federal cause of action.[41]

A.     **The State of Alaska, and thus the TLO, are immune from suit here.**

The Eleventh Amendment clearly applies to the State of Alaska. The Eleventh

Amendment also applies to the TLO that operates as an agency of the State of Alaska,

Department of Natural Resources.[42] The State and the TLO have not waived their

sovereign immunity. They have not consented to suit in federal court. Further, Congress

has not expressly abrogated the State's or the TLO's sovereign immunity. The Plaintiffs'

complaint cites to APA statutes and the Federal Act that authorized the negotiation of a

land exchange between AMHTA and USFS. Nothing in 5 U.S.C. § 702 indicates

---

[39]     *Id.* at 99.

[40]     *Pennhurst*, 465 U.S. at 100.

[41]     *See College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*,
527 U.S. 666, 675 (1999) (waiver); Bd. of Trs. of Univ. of Ala. v. Garrett,
531 U.S. 356 363 (2001) (abrogation); *see also Virginia Office for Protection and
Advocacy v. Stewart*, 563 U.S. 247, 253-254 (2011) ("A State may waive its sovereign
immunity at its pleasure and in some circumstances Congress may abrogate it by
appropriate legislation. But absent waiver or valid abrogation, federal courts may not
entertain a private person's suit against a State." *Emphasis added*.)

[42]     See AS 38.05.801; AS 37.14.009; and 11 AAC 99.010.

*Historic Wolf Creek Boatworks v. U.S.A.*          Case No.:  5:20-cv-00014-HRH
MEMORANDUM OF LAW IN SUPPORT OF MTN.
TO DISMISS                                                    Page 11 of 22
Case 5:20-cv-00014-HRH   Document 67-1   Filed 02/22/22   Page 11 of 22

Congress has abrogated the State's or the TLO's Eleventh Amendment immunity. Similarly, nothing in the Federal Act authorizing the USFS and AMHTA to negotiate a land exchange abrogated the State or TLO's sovereign immunity either.[43] Therefore, the Eleventh Amendment bars the Plaintiffs' claims against the State and TLO.[44]

**B.    AMHTA, as an arm of the state, is immune from suit as well.**

Similarly, AMHTA is an arm of the State and it is also entitled to Eleventh Amendment protections from suit.[45] Thus, when a state agency is sued the state is the real party in interest.

The 9th circuit has set a five factor test to determine if whether an entity is a state arm entitled to immunity and those factors include:

> "[1] whether a money judgment would be satisfied out of state funds, [2] whether the entity performs central governmental functions, [3] whether the entity may sue or be sued, [4] whether the entity has the power to take property in its own name   or only  the  name  of  the state, and [5] the corporate status of the entity."[46]

The court reviews these factors in light of AMHTA's treatment under Alaska law.[47]

---

[43]     S.131 – Alaska Mental Health Trust Land Exchange Act of 2017, Congress.gov, 115th Congress, 2017-2018

[44]    *See also* AS 09.50.250(a) ("A person . . . having a . . . tort claim against the state may bring an action against the state in a state court that has jurisdiction over the claim.")

[45]    *State Highway Comm'n v. Utah Constr. Co*., 278 U.S. 194,199, 49 S. Ct. 104,106, 73 L.Ed. 262 (1929) (Eleventh amendment immunizes state agency that was "but the arm of or alter ego of the State").

[46]    *Mitchell v. Los Angeles Community College Dist.*, 963 F.2d 248, 250-51 (9th Cir. 1992), cert denied, 507 U.S. 919, 113 S. Ct. 1280, 122 L.Ed. 674 (1993).

[47]    *Alaska Cargo Transport Inc. Alaska Railroad Corp*., 5 F.3d 378, 380 (9th Cir. 1993).

*Historic Wolf Creek Boatworks v. U.S.A.*                    Case No.:  5:20-cv-00014-HRH
MEMORANDUM OF LAW IN SUPPORT OF MTN.
TO DISMISS                                                              Page 12 of 22
Case 5:20-cv-00014-HRH   Document 67-1   Filed 02/22/22   Page 12 of 22

The most critical factor is the first one noted in *Mitchell,* whether a judgment would be satisfied from the state treasury or AMHTA's.[48] There is no requirement in the statutes governing AMHTA that the State is not liable for a judgment against AMHTA.[49] Rather, the statutory framework provides that mental health services are funded through a combination of funds from the Mental Health Trust and the State general fund.[50] It is also important to note that the lands and funds overseen by AMHTA are actually land and funds provided to the Territory of Alaska through the Alaska Mental Health Enabling Act.[51] These lands ultimately belong to the State of Alaska and were placed in Trust to preserve the purpose of the conveyance. Thus, the first factor weighs heavily in favor or immunity.

Factor two concerns whether the entity performs central government functions. The mental health of its citizens is certainly a central government concern. AMHTA is responsible for providing a broad range of services to persons with a wide array of mental health issues as set forth in AS 47.30.056.

---

[48]     *Id*.

[49]     *See* AS 37.14.001 – 099 and AS 47.30.011.

[50]     AS 47.30.046.

[51]     *See Weiss v. State of Alaska*, 939 O.2d 380, 381 (Alaska 1997) (citing Pub. L. No. 84.830, 70 Stat. 709 (1956) (the Federal Government granted one million acre of federal land to be held in public trust to help effectuate the creation and operation of mental health care facilities in Alaska).

*Historic Wolf Creek Boatworks v. U.S.A.*          Case No.:  5:20-cv-00014-HRH
MEMORANDUM OF LAW IN SUPPORT OF MTN.
TO DISMISS                                                                              Page 13 of 22

Although AMHTA can sue or be sued, and thus weighs against immunity, this factor is afforded less weight than the first two factors.[52] Similar treatment should also be given to factor 4, as AMHTA has authority to take title to and convey and encumber property. Finally, AMHTA is a public corporation, so factor 5 would seem to weigh against immunity. But, even though AMHTA is a public corporation, it is still under certain controls of the State. For instance, its trustees are appointed by the Governor and must be confirmed by the legislature.[53] It is required to submit its budget to the governor and the legislative budget and audit committee.[54]

Likewise, the statutory scheme for the Mental Health Trust impose duties on the executive and legislative branches of state government in addition to AMHTA. This set up envisions a comprehensive scheme to provide for an integrated comprehensive mental health program funded by the State and AMHTA. Accordingly, the fifth factor weighs in favor of immunity. Since factors 1, 2 and 5 favor immunity, it supports finding AMHTA is an arm of the State entitled to immunity.

One particular case very clearly supports such a finding. In *Alaska Cargo Transport, Inc. v. Alaska Railroad Corporation*, 5 F.3d 378 (9th Cir.1993) the Ninth Circuit Court of Appeals found in favor of immunity for the Alaska Railroad Corporation

---

[52]    *Belanger v. Madera Unified Sch. Dist.*, 963 F.2d 250-251 (9th cir. 1992).

[53]     AS 47.30.016.

[54]     AS 47.30.046.

*Historic Wolf Creek Boatworks v. U.S.A.*                    Case No.:  5:20-cv-00014-HRH
MEMORANDUM OF LAW IN SUPPORT OF MTN.
TO DISMISS                                                                    Page 14 of 22

Case 5:20-cv-00014-HRH   Document 67-1   Filed 02/22/22   Page 14 of 22

even though under factor 1 of the Mitchell test it was solely responsible for its debts.[55]

Moreover, the court reached this conclusion even though *Mitchell* factors 3 and 4 also

weighed against a grant of immunity.[56]

The *Alaska Cargo* court placed great emphasis on the statutory framework and

how the entity created by the state was a "unique and essential fixture in the lives of

thousands of widely dispersed Alaskan's."[57] Similar arguments here favor immunity.

AMHTA was set up to ensure the State did not co-mingle Trust assets with its general

assets and that these assets would be utilized for years for an integrated mental health

program in the state. The Alaska Constitution provides the "Legislature shall provide for

the promotion and protection of public health".[58] AMHTA is designed to support that

constitutional objective in conjunction with the executive and legislative branches.

Therefore, the Eleventh Amendment bars Plaintiffs' claims against AMHTA.

## II.     Even if the State and AMHTA were not immune from suit, the Plaintiffs cannot assert a viable claim against the State and AMHTA and requests relief this Court can never grant against them.

Federal Rules of Civil Procedure, Rule 8(a)(2) states that a pleading must contain

a "short and plain statement of the claim showing that the pleader is entitled to relief."

Under Fed.R.Civ.P. 12(b)(6), a complaint may be dismissed for "failure to state a claim

---

[55]     *Alaska Cargo, supra*, 5 F.2d at 380.

[56]     *Id*. at 382.

[57]     *Id*. at 380.

[58]     AK Const. Article 7, §5.

*Historic Wolf Creek Boatworks v. U.S.A.*          Case No.:  5:20-cv-00014-HRH
MEMORANDUM OF LAW IN SUPPORT OF MTN.
TO DISMISS                                              Page 15 of 22

upon which relief can be granted." Dismissal of a complaint may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.[59] While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.[60] Accordingly, "[t]o survive a motion to dismiss, a complaint must contain <u>sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.</u>'" (Emphasis ours) [61] A claim has "facial plausibility" when the party seeking relief "pleads <u>factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.</u>" (Emphasis ours) [62]

The Plaintiffs have plead an improper legal theory for recovery against the State and AMHTA, and has plead insufficient facts for a standalone claim against AMHTA.

**A.      The Plaintiffs' requested relief against the State and AMHTA can never be granted because this Court cannot, under 5 U.S.C. § 706, compel a non-federal agency to issue a conditional use permit.**

As to the State and AMHTA, the Plaintiffs request a remedy under the APA that this Court can never grant.

---

[59]      *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir.1990).

[60]      *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[61]      *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); emphasis added.

[62]      *Id*.; *emphasis added.*

*Historic Wolf Creek Boatworks v. U.S.A.*              Case No.:  5:20-cv-00014-HRH
MEMORANDUM OF LAW IN SUPPORT OF MTN.
TO DISMISS                                                            Page 16 of 22

Case 5:20-cv-00014-HRH   Document 67-1   Filed 02/22/22   Page 16 of 22

The Plaintiffs' complaint is an Administrative Procedures Act (APA) claim; alleging USFS has not adjudicated a conditional use permit.[63] As to those APA claims, the Plaintiffs cite to 5 U.S.C. § 706(1), which authorizes a reviewing court to "compel agency action unlawfully withheld or unreasonably delayed."[64] In the complaint's "Conclusion," the Plaintiffs repeat the language of 5 U.S.C. § 706(1) by requesting this court to "compel . . . the Mental Health Trust and the State of Alaska to issue a conditional use permit." The only logical conclusion that can be drawn is that the Plaintiffs assert this Court, under 5 U.S.C. § 706(1), has the authority to compel the State and AMHTA to act. However, 5 U.S.C. § 706(1) applies to federal agencies only.[65] 5 U.S.C. § 706, therefore, grants this Court authority to compel federal agencies to act, not the state, state agencies, or state public corporations. This Court, under 5 U.S.C. § 706(1) cannot compel the State or AMHTA to act. Therefore, this Court can never grant the relief Plaintiffs request by compelling AMHTA to act under the APA.

**B.  The complaint lacks sufficient facts asserting a claim against the State of Alaska or AMHTA.**

Similarly, the Plaintiffs have failed to plead any facts that the State of Alaska or AMHTA has refused to recognize a "valid existing right to the property." A quick review of the minimal paragraphs targeted towards the State of Alaska and AMHTA reveals

---

[63]   ECF Docket 56 at  ¶¶ 1-40; 49; 57-59 (citing 5 U.S.C. § 702, and 5 U.S.C. §§ 706(1) and (2))

[64]   Notably, 5 U.S.C. § 706(1) only allows this Court to compel the agency to act, not that the agency must grant a permit.

[65]    See 5 U.S.C. § 702.

*Historic Wolf Creek Boatworks v. U.S.A.*          Case No.:  5:20-cv-00014-HRH
MEMORANDUM OF LAW IN SUPPORT OF MTN.
TO DISMISS                                              Page 17 of 22

Case 5:20-cv-00014-HRH   Document 67-1   Filed 02/22/22   Page 17 of 22

these deficiencies. Paragraph 46 of the Plaintiffs' amended complaint sites to the

August 26, 2021 patent that conveyed these lands from USFS to AMHTA. Paragraph 51

mentions a map showing the uplands, that was either "drawn or received" by AMHTA.

Paragraph 52 then, with significant incongruity, states "despite . . . this map," AMHTA

has "not recognized the Plaintiff's valid existing rights to the property." These are the

only factual allegations asserting a claim against AMHTA. Furthermore, there are

literally no factual allegations or assertions against the State of Alaska in the entire

complaint.

Clearly, the Plaintiffs have failed to meet Rule 8(a)(2)'s legal requirements. Other

than a map, whose authorship is unclear, the Plaintiffs have not plead any facts showing

wrongdoing by the State of Alaska or AMHTA. The Plaintiffs allege that AMHTA has

"not recognized the Plaintiff's valid existing rights," in the same complaint where the

Plaintiffs have admitted to not holding a valid conditional use permit.[66] Stated bluntly,

the complaint is devoid of factual allegations against AMHTA, both because no facts

exist and any such assertions about the management of these lands would need to be

directed toward the TLO.

---

[66] ECF Docket 56 at ¶ 42 (". . . they are left trying to work with the Mental Health Trust without a valid conditional use permit.");and ¶ 44 (". . . are left trying to work with the Mental Health Trust without a valid conditional use permit.").

*Historic Wolf Creek Boatworks v. U.S.A.*          Case No.: 5:20-cv-00014-HRH
MEMORANDUM OF LAW IN SUPPORT OF MTN.
TO DISMISS                                              Page 18 of 22
Case 5:20-cv-00014-HRH   Document 67-1   Filed 02/22/22   Page 18 of 22

**C.    Because the TLO, not AMHTA, manages AMHTA lands, the Plaintiffs can never assert a standalone claim against AMHTA.**

The Plaintiffs' limited allegations against AMHTA start from a fundamental misunderstanding of who manages AMHTA lands and thus who issues decisions authorizing the use of AMHTA lands.

The TLO, not AMHTA, manages the uplands at issue here and thus the Plaintiffs cannot bring a standalone land management claim against AMHTA. This has been explained earlier in this brief, but it bears repeating. The Alaska legislature mandated the Department of Natural Resources to create a separate division to manage AMHTA's lands.[67] The Department of Natural Resources complied with the Alaska Legislature and created the TLO.[68] The TLO, <u>not AMHTA</u>, manages these uplands.[69] As part of its management authority, the TLO has adopted regulations, outlining its authority to sell, lease and authorize the use of AMHTA lands.[70] A party applies with the TLO to purchase, lease or generally use AMHTA lands.[71] The TLO has the discretion to accept or reject the application.[72] Under the TLO's regulations, an applicant has an

---

[67]    Chapter 5, FSSLA 1994; AS 38.05.801.

[68]    11 AAC 99.010.

[69]    11 AAC 99.020; AS 47.30.011; AS 38.05.801.

[70]    11 AAC 99.030(a).

[71]    *Id*.(noting the executive director may "reject, an application."; see also Trust Land Office - Land Use Application; available at:  https://alaskamentalhealthtrust.org/trust-land-office/land-sales/land-use-application/ (accessed on February 3, 2022).

[72]    11 AAC 99.030(a); 11 AAC 99.040.

*Historic Wolf Creek Boatworks v. U.S.A.*                    Case No.:  5:20-cv-00014-HRH
MEMORANDUM OF LAW IN SUPPORT OF MTN.
TO DISMISS                                                              Page 19 of 22
Case 5:20-cv-00014-HRH   Document 67-1   Filed 02/22/22   Page 19 of 22

administrative process to challenge the denial of an application, which ultimately includes having the matter heard by a State Superior Court.[73] To conclude, the TLO has been legislatively mandated to adjudicate whether a pre-existing right exists and what rights that grants someone like the Plaintiffs to use these uplands. AMHTA does not make those decisions.

Because TLO manages AMHTA lands and makes land management decisions for AMHTA, a standalone claim challenging the management of AMHTA uplands cannot be brought against AMHTA. The Plaintiffs can never present any allegations of wrongdoing by AMHTA regarding the management of these uplands because any of those acts would solely implicate TLO.

**D.  The Plaintiffs cannot cure the legal and factual deficiencies cited above.**

Lastly, the Plaintiffs cannot cure any of these legal or factual problems by amending its complaint. First, this Court under the APA cannot compel the State or AMHTA to act. No amendments can resolve this legal problem. Second, the TLO, not AMHTA, manages these uplands.[74] Any attempts to amend this complaint to include additional facts about the management of these uplands will touch upon the TLO's legislative mandate to manage these lands and the TLO is immune and cannot be named as a defendant in this litigation. Lastly, the State and AMHTA allege that the Plaintiffs

---

[73]     11 AAC 99.060 ("A decision by the executive director is a final agency action. Judicial review may be sought under AS 44.62.560).

[74]     AS 37.14.009; AS 38.05.801; and AS 44.37.030.

*Historic Wolf Creek Boatworks v. U.S.A.*                              Case No.:  5:20-cv-00014-HRH
MEMORANDUM OF LAW IN SUPPORT OF MTN.
TO DISMISS                                                                              Page 20 of 22

have failed to assert any wrongdoing on the part of the State Defendants for two reasons. First, because none exist. Second, because such allegations would give way to a state administrative process to address those issues.[75]

## CONCLUSION

The State and AMHTA began this memorandum outlining the state legislature's formation of AMHTA and TLO in 1994 because it directly points to the fundamental failure of the Plaintiffs' claims against the State and AMHTA. As noted throughout this memorandum, the Plaintiffs may apply to the TLO for a conditional use permit to use these uplands.[76] If the TLO denies the application, the plaintiffs can appeal that denial.[77]

The TLO's state legislative mandate to manage these lands should be recognized. The TLO has the right to make decisions about the use of the AMHTA lands it manages. If the TLO issues a decision the Plaintiffs disagree with, the Plaintiffs may challenge that decision. Failing to recognize the TLO's land management mandates and the state administrative law process to challenge TLO's decisions would require this Court, in a federal APA case, to issue an advisory opinion against a State agency that has not waived its sovereign immunity.[78]

---

[75]     See 11 AAC 99.010 - .060.

[76]     11 AAC 99.030(a); see also Trust Land Office, "Land Use Application," available at: https://alaskamentalhealthtrust.org/trust-land-office/land-sales/land-use-application/ (accessed on February 11, 2022).

[77]     11 AAC 99.060.

[78]     On the issue of ripeness, *see Thomas v. Anchorage Equal Rights Com'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) ("[R]ipeness is peculiarly a question of timing designed to prevent the courts, through avoidance of premature adjudication, from

*Historic Wolf Creek Boatworks v. U.S.A.*                    Case No.:  5:20-cv-00014-HRH
MEMORANDUM OF LAW IN SUPPORT OF MTN.
TO DISMISS                                                                        Page 21 of 22

For the reasons provided herein, the State Defendants request this Court grant their

motion to dismiss.

DATED: February 22, 2022.     TREG R. TAYLOR
                                    ATTORNEY GENERAL

By:    s/Christopher F. Orman/
       Christopher F. Orman (1011099)
       Assistant Attorney General
       Alaska Department of Law
       Office of the Attorney General
       Natural Resources Section
       P.O. Box 110300
       Juneau, AK 99811-0300
       christopher.orman@alaska.gov
       Phone:  (907) 465-3600
       Facsimile:  (907) 465-2417
       Attorney for the State of Alaska

By:    /s/ Eugene F. Hickey
       Eugene F. Hickey (1805042)
       Senior Assistant Attorney General
       Alaska Department of Law
       Office of the Attorney General
       Alaska Mental Health Trust Authority
       gene.hickey@alaska.gov
       Phone:  (907) 465-3600
       Facsimile:  (907) 465-2417
       Attorney for AMHTA

---

(continued) entangling themselves in abstract disagreements.  Our role is neither to issue
advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases
or controversies consistent with the powers granted the judiciary in Article III of the
Constitution.").

*Historic Wolf Creek Boatworks v. U.S.A.*      Case No.:  5:20-cv-00014-HRH
MEMORANDUM OF LAW IN SUPPORT OF MTN.
TO DISMISS                      Page 22 of 22